# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEWCO LIMITED<br>35 Barrack Road<br>Belize City, Belize, Central America<br><br>Plaintiff,<br><br>v.<br><br>THE GOVERNMENT OF BELIZE<br>Ministry of the Public Service,<br>Works and Transport<br>No. 1 Power Lane<br>Belmopan, Belize, Central America<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT FOR CONFIRMATION AND ENFORCEMENT OF UNCITRAL ARBITRATION AWARD

### I.   NATURE OF SUIT AND RELIEF SOUGHT

1. Plaintiff, by its undersigned counsel, commences this suit to confirm a final arbitration award (the "Award") relating to the wrongful termination of a Concession Agreement among Plaintiff, Defendant and Belize Airports Authority (the "Concession Agreement"), and to have judgment entered thereon pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207. The Award was issued in favor of Plaintiff and against Defendant on June 23, 2008 in Miami, Florida by an arbitral tribunal (the "Tribunal") formed under the United Nations Commission on International Trade Law Arbitration Rules (1976) ("UNCITRAL Arbitration Rules"). A duly authenticated copy of the Award is attached hereto as Exhibit A.

## II. PRIOR ACTIONS

2. There are no prior pending or heretofore dismissed civil actions arising out of the same transaction or occurrence alleged in this motion in this or any other court within and outside the United States.

## III. PARTIES

3. Plaintiff, NEWCO Limited ("Plaintiff" or "NEWCO"), is a company duly incorporated on October 16, 2002 under the Companies Act, Chapter 250 of the Laws of Belize, Revised Edition 2000, with its registered office situated at 35 Barrack Road, Belize City, Belize, Central America. The shareholders of NEWCO are LCG Airport Holdings, LLC, 42 North Holdings Corp., and Airport Holdings, LLC.

4. Defendant, the Government of Belize ("Defendant" or "GoB"), is a foreign state as defined in 28 U.S.C. § 1603(a). The GoB's notice address for purposes of service of process pursuant to 28 U.S.C. § 1608(a)(3) is as follows: Minister of Foreign Affairs, Ministry of Foreign Affairs, New Administration Building, P.O. Box 174, Belmopan City, Cayo District, Belize, Central America.

## IV. JURISDICTION AND VENUE

5. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (1970), as implemented by the FAA, 9 U.S.C. §§ 201 et seq., governs this Award, which arises from a "commercial" relationship. 9 U.S.C. § 202.

6. The contractual relationship between Plaintiff and Defendant under the Concession Agreement was of a commercial nature within the meaning of 9 U.S.C. § 202 as is evident from the Affidavit of Carl R. Vercollone in support of this complaint attached as Exhibit B hereto

("Affidavit") and the provisions of the Concession Agreement, a duly certified copy of which is attached to the Affidavit as Attachment A.

7. This court has subject matter jurisdiction to confirm the Award against the GoB under (i) the FAA 9 U.S.C. § 203, which states:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

and (ii) 28 U.S.C. § 1330(a), which provides that:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

8. The Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. § 1605(a)(1) grants federal district courts subject matter jurisdiction over foreign states in cases "in which the foreign state has waived its immunity either explicitly or by implication." The GoB has waived its immunity from suit under 28 U.S.C. § 1605(a)(1) by agreeing to arbitrate disputes arising under the Concession Agreement pursuant to the UNCITRAL Arbitration Rules in the USA (Miami, Florida), a New York Convention signatory state. *See* Concession Agreement at Article XXIX.

9. Similarly, 28 U.S.C. § 1605(a)(6) provides for subject matter jurisdiction if, as here, an action is brought to confirm (i) an arbitration award based on an arbitration that took place in the United States or (ii) where the award is governed by a treaty calling for the recognition and enforcement of arbitral awards to which the United States is a party. 28 U.S.C. § 1605(a)(6). The Award in this case was rendered in an arbitration that took place in the United States (Miami, Florida) and the Award is governed by the New York Convention.

10. This court will have personal jurisdiction over the GoB pursuant to 28 U.S.C. § 1330(b) when proper service has been completed by Plaintiff under 28 U.S.C. § 1608(a)(3).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(4).

12. This Complaint is being filed within three years after the Award was made, as required by 9 U.S.C. § 207.

## V. FACTS

### a. The Parties' Concession Agreement

13. On November 27, 2002, NEWCO, the GoB and Belize Airports Authority ("BAA") entered into the Concession Agreement, which envisioned substantial improvement and expansion of the Philip S.W. Goldson International Airport in Belize (the "Airport") through significant capital investment and enhanced management and operational expertise to be provided by NEWCO as the concessionaire.

14. In spite of NEWCO's good faith efforts to perform its obligations under the Concession Agreement, the GoB terminated the Concession Agreement on October 27, 2003, eleven months after its inception, without legitimate cause and in violation of the express terms of that Concession Agreement.

15. On 11 November 2003, NEWCO acknowledged receipt of the GoB's termination letter and informed the GoB and BAA that it intended to pursue its remedies by arbitration under the dispute resolution provisions of the Concession Agreement.

### b. Arbitration Agreement

16. The Concession Agreement includes a dispute resolution clause providing for arbitration under the UNCITRAL Arbitration Rules in Miami, Florida, USA. The parties agreed that the decision of the Tribunal shall be final and binding and could be enforced in any court where the

parties or their properties may be located. Article XXIX (Arbitration) of the Concession Agreement states:

> Any controversy, except for those specifically dealt with under the terms of this Agreement, pertaining to the signing, execution, performance development and termination or liquidation of this Agreement that cannot be directly resolved between the parties shall be subject to arbitration proceedings in accordance with UNCITRAL Rules. The arbitration proceedings shall be conducted in English and the laws of the Belize shall apply. The arbitration proceedings shall be conducted in Miami, Florida, USA.
>
> For this purpose, the party asserting a dispute shall request in writing to the other party that the dispute be submitted to arbitration. The arbitration proceedings shall be conducted by three (3) arbiters, one appointed by the BAA, the other by NEWCO and the third by mutual agreement of the two (2) arbiters appointed by the parties. The latter shall preside over the arbitration tribunal. If the two (2) arbiters fail to reach an agreement in regard to the third arbiter at the lapse of thirty (30) calendar days from the moment the parties appoint their respective arbiters, or if within a like period of time counted from the moment a party requests arbitration proceedings from the other, the requested party fails to appoint an arbiter, the third arbiter(s), shall be appointed in accordance with UNCITRAL Rules.
>
> Decisions from the arbitration tribunal shall be final and binding, and the parties irrevocably accept, for the purposes of this binding clause and the implementation of any arbitration award, the jurisdiction of any tribunal where the parties or their properties may be located.

### c. **Arbitration before the Tribunal**

17. On 28 February 2005, NEWCO delivered a Notice of Arbitration pursuant to Article 3 of the UNCITRAL Arbitration Rules requesting that its dispute with the GoB be referred to arbitration under Article XXIX of the Concession Agreement.

18. The Tribunal was duly appointed and on 28 March 2006 a case management meeting and procedural hearing took place in Miami, Florida.

19. The witness hearing was held in Miami, Florida on 7 and 8 January 2008 at which both Plaintiff and Defendant presented witnesses and documentary evidence.

20. Both parties submitted post-hearing briefs to the Tribunal on 29 February 2008.

21794                                         5                    NEWCO LIMITED - COMPLAINT FOR CONFIRMATION AND
                                                                    ENFORCEMENT OF UNCITRAL ARBITRATION AWARD

#### d. The Final Arbitration Award

21. On 23 June 2008, the Tribunal issued its unanimous final Award in favor of NEWCO and against the GoB.

22. In the Award, the Tribunal determined that that the GoB breached its obligations under the Concession Agreement and awarded Plaintiff U.S.$4,259,832.81, plus Plaintiff's costs of arbitration as notified by the Tribunal's Administrative Secretary, plus interest payable at the rate of 8% per annum, compounded quarterly, for the period from the date of the Award to the date of payment. *See* Chapter IX of the Award.

23. Attached to the Affidavit as Attachment B is a copy of the electronic letter from the Tribunal's Administrative Secretary dated 9 July 2008 with a financial summary of the costs of arbitration as of 30 June 2008, evidencing that the total amount of deposits made by Plaintiff with the London Court of International Arbitration ("LCIA") in respect of the Tribunal's costs of arbitration is equal to U.S.$160,753.82.

### VI. RELIEF REQUESTED

24. The FAA provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

25. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention apply to the Award.

26. Defendant has not sought to vacate, modify or correct the Award.

27. Therefore, the Award is entitled to confirmation pursuant to 9 U.S.C. § 207.

**WHEREFORE**, Plaintiff respectfully requests that this court enter a judgment as follows:

(i)   confirming the Award against Defendant as entered by the Tribunal;

(ii)   entering a judgment in favor of Plaintiff and against Defendant in the amount of U.S.$4,420,586.63, plus interest payable on the said sum of U.S.$4,420,586.63 at the rate of 8% per annum, compounded quarterly, for the period from the date of the Award to the date of payment; and

(iii)   providing Plaintiff with such other and further relief as the court deems proper.

Date: November 21, 2008

Respectfully Submitted,

By: _/s/_____

Robert T. Wray
robert wray PLLC
1150 Connecticut Avenue, NW
Suite 350
Washington DC, 20036
t: 202.349.5015
f: 202.293.7877
rwray@robertwraypllc.com

*Attorney for Plaintiff*
DC Bar No. 121129

EXHIBITS:

Exhibit A – Duly Authenticated Copy of the Arbitration Award (*filed under seal*)

Exhibit B – Affidavit of Carl R. Vercollone

    Affidavit Attachment A – Copy of the Concession Agreement

    Affidavit Attachment B – Copy of the Electronic Letter from the Tribunal's Administrative Secretary dated 9 July 2008 and Copy of Facsimile Transmission from LCIA dated 3 September 2008